The Honorable Michelle L. Peterson

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>DONTE JAMAL MCCLELLON<br><br>Defendant. | NO. 2:22-cr-00073-LK<br><br>**GOVERNMENT'S PRE-HEARING BRIEF** |

Defendant Donte McClellon failed to appear for a hearing on December 28, failed to seek mental health counseling, and traveled outside the district without permission, all in violation of his appearance bond. McClellon told the Court he was in the hospital, but the Government's evidence—including flight records and email pings—clearly shows that he was in New York. He likely has been living in New York for much of his pretrial supervision, not at home in Seattle with his mother as he promised the Court he would. McClellon's persistent disregard for this Court's orders and willingness to lie to cover his tracks make him a serious flight risk. His bond should be revoked, and he should be remanded to custody pending trial.

An evidentiary hearing on McClellon's bond violations is scheduled for Friday, February 17, 2023, at 1 p.m. before the Honorable Michelle L. Peterson. The government

Gov't Hearing Brief - 1
*United States v. McClellon* / 22-cr-00073

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

anticipates calling two witnesses. Special Agent Armando Ramirez III, Federal Bureau of Investigation, will sit at counsel table. The government intends to file its exhibit list and witness list on February 15, 2023.

## I. BACKGROUND

Defendant Donte McClellon obtained three Payment Protection Program ("PPP") loans worth more than $500,000 under false pretenses. McClellon is the sole listed owner and manager of three Washington-based LLCs: Frostlake LLC, Cannonlake LLC, and Skylake LLC. He sought a PPP loan on behalf of each company in the early days of the COVID-19 pandemic. He claimed in loan applications that each company had monthly payroll expenses and employees for whom it paid payroll taxes. McClellon submitted supporting documents with the applications, namely, IRS Form 941s, IRS Schedule Cs, and bank documents. McClellon's PPP applications and the forms he submitted with them were false—each of McClellon's entities was a sham with no payroll, no employees, and no business operations. A grand jury indicted McClellon for three counts of bank fraud (18 U.S.C. § 1344). In December 2022, the grand jury returned a superseding indictment charging three counts of wire fraud and two counts of bank fraud. Dkt. No. ¶ 62. Trial is set for March 6, 2023 before Judge King.

McClellon was detained early in the case after he lied to pretrial services about his financial accounts and aliases. McClellon claimed in an interview with pretrial services that he had only one financial account that was frozen by the government. *See* Dkt. 18, at 2 (Gov't Det. Mem.). The government notified defense that McClellon had at least four active accounts of which the government was aware, but McClellon still refused to provide accurate information. *Id.* McClellon also failed to notify pretrial services that he had an alternate identify—Donte Harrington—and two sets of passports. *Id.* at 4.

The Court reopened detention on defense's motion in July 2022 and ultimately released McClellon to the third-party custodianship of his mother under conditions. In

Gov't Hearing Brief - 2
*United States v. McClellon* / 22-cr-00073

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

particular, McClellon's bond requires him to appear in court for all hearings in the case, undergo a mental health evaluation, and provide pretrial services requested financial information, among other obligations. Dkt. No. 39. McClellon signed his appearance bond, *see id.*, and the Court reviewed the conditions in detail with McClellon at the hearing. At the July 29, 2022 detention hearing, this Court explained "Your travel will be restricted to the Western District of Washington. . . . I am also directing that you maintain residence at your mother's house. You cannot leave her house or move anywhere else without letting Pretrial Services know, and you have to get approval from pretrial Services to leave your mother's house." [USA-00008596, at 1–2 & 19–24] This Court also reminded McClellon that his bond required him to "undergo some mental health and psychological evaluation and then I'm going to order that you follow up on any treatment recommendation including takin medication if that's prescribed to you." *Id.* at 1–5.

Despite these warnings, McClellon failed to appear for two hearings in December 2022, leading the Court to issue a bench warrant on December 28, 2022. Counsel for the government waited more than one week for McClellon to resurface and explain his non-appearance. When that did not happen, the government requested the Court vacate the February 6 trial date so the government could release its out-of-town witnesses.

Meanwhile, the government set to work finding McClellon. Records from Google showed that McClellon's known email addresses communicated with the Google server from an IP address in New York on January 9 and January 25, 2023. Verizon confirmed the IP address was registered to McClellon at his New York apartment. Law enforcement spoke with McClellon's apartment manager, who said staff had seen him in the apartment building in the past few months, his apartment appeared occupied, and staff heard his voice when calling up food deliveries as recently as January 25, 2023. The government later obtained flight records from Delta showing that McClellon flew from John F. Kennedy airport in New York to SeaTac airport on January 30, 2023.

Gov't Hearing Brief - 3
*United States v. McClellon* / 22-cr-00073

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## II. VIOLATIONS BEFORE THE COURT

There are three bond violations currently before the Court. Violation one alleges McClellon failed to appear for a hearing on December 28, 2022 in violation of a standard condition of supervision. Violation two alleges that McClellon left the Western District of Washington without the permission of pretrial services, in violation of a special condition of supervision. Violation three alleges that McClellon failed to obtain a mental health evaluation and provide proof to pretrial services, in violation of a special condition.

McClellon has denied all violations, and an evidentiary hearing is scheduled before your honor on February 17, 2023.

## III. LAW ON BOND REVOCATION

18 U.S.C. § 3148 governs sanctions for a violation of a release condition and sets the standard for the revocation hearing. A person who has been released pretrial "and who violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." 18 U.S.C. § 3148(a). The government must show by "clear and convincing evidence that the person that the person has violated any other conditions of release." *Id.* § 3148(b)(1). The Court *must* order the person detained if it finds that "there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community," or "the person is unlikely to abide by any condition or combination of conditions of release." *Id.* § 3148(b)(2).

## IV. THE GOVERNMENT'S EVIDENCE

The government will present the following clear and convincing evidence that McClellon violated the terms of his appearance bond in the manner alleged by pretrial services:

Gov't Hearing Brief - 4
*United States v. McClellon* / 22-cr-00073

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

- McClellon failed to appear for a hearing in front of your honor on December 28, 2022. This Court convened the hearing and made a record that McClellon was not present.

- Pretrial services officer Michael Munsterman reminded McClellon multiple times to seek a mental health evaluation, including by text message on December 9, 2022. As far as Officer Munsterman is aware, McClellon never obtained the required evaluation.

- McClellon also left the district in violation of his pretrial bond. Records from Delta Airlines show that McClellon flew from JFK airport in New York to SeaTac airport on January 30, 2023, arriving just in time to turn himself in to this Court on January 31, 2023.

- The same Delta records suggest that McClellon has been living primarily in New York. He flew from JFK to SeaTac on October 25, 2022, arriving just in time to meet with Officer Munsterman for a home visit in Seattle. He flew back to New York that evening. He flew from JFK from SeaTac again on November 20, 2023 and back to JFK on November 21, 2022.

- The government obtained records from Google about Internet Protocol (IP) addresses used to log on to McClellon's known email address, djmcclellon@gmail.com. Those records show that someone—presumably McClellon—logged into djmcclellon@gmail.com on January 9, 2023 and January 25, 2023 in the state of New York from the same static IP address.

- Records obtained from Verizon confirm the IP address was registered to "Donte Mcclellon" at McClellon's New York apartment, with email address djmcclellon@gmail.com.

- Law enforcement interviewed the property manager at McClellon's New York apartment building, ARO NYC, and learned that his apartment has not

Gov't Hearing Brief - 5
*United States v. McClellon* / 22-cr-00073

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

been rented out to another party. The property manager last saw McClellon at the building about one or two months ago, and ARO staff informed law enforcement that McClellon received food deliveries to his apartment in January 2023.

- ARO staff knocked on McClellon's apartment door on January 25, 2023, but there was no answer. Staff attempted a welfare check and discovered the security latch was engaged from the inside and the lights were on, suggesting someone was in the apartment.

- Later that day, McClellon received a food delivery in his name to his New York apartment. ARO staff called up to his apartment to inform him of the delivery, and the staff member heard McClellon's voice.

- McClellon received mail at his New York apartment in his name as recently as last week, namely, a FedEx package from a New York-based law firm.

- Agents surveilled McClellon's Seattle residence on January 9, 6, and 5 to ascertain his whereabouts. They did not see him or any sign that he was present at the house.

- McClellon did not obtain permission from pretrial services to leave the district between October 2022 and January 2023.

This evidence clearly shows that McClellon left the district without permission at minimum in October, November, and January. The evidence also shows that he failed to attend the December 28 hearing and failed to seek a mental health evaluation, all in violation of his pretrial bond. That bond should be revoked.

### V.     MCCLELLON SHOULD BE DETAINED

The Court must order McClellon detained pending trial if it finds "there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community," or "the person

Gov't Hearing Brief - 6
*United States v. McClellon* / 22-cr-00073

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

is unlikely to abide by any condition or combination of conditions of release." *Id.* § 3148(b)(2). Both circumstances apply here.

First, McClellon is a serious flight risk, and no conditions or combination of conditions will assure his presence. All evidence indicates McClellon has been living in New York for the better part of his pretrial supervision, not at his mother's home in Seattle as he promised the Court on July 29. This is a serious breach of trust and indicates an unwillingness to abide by the Court's orders. Simply put: McClellon already fled once, and there's every reason to believe he'll do so again. He also went to great lengths to avoid detection by flying from New York to Seattle to meet with his pretrial services officer for a home visit on October 25, suggesting knowledge of guilt.

Second, McClellon is unlikely to abide by any condition or combination of conditions. Even before McClellon absconded, his behavior on pretrial supervision shows he should be detained pending trial. Probation Officer Mike Munsterman wrote in a December 9, 2022 status report that McClellon's "adjustment to supervision has been challenging at times," and report suggests McClellon simply does not engage with pretrial services. For example, McClellon insisted on signing routine intake paperwork "under duress," and he routinely fails to respond to correspondence from his probation officer. McClellon has refused to communicate directly with his probation officer, insisting that defense counsel must be involved in most conversations. When pretrial finally scheduled a home visit for October 2022 (several months after he was ordered released), McClellon was unable to substantiate claims that he was working as a photographer. McClellon was released on the condition that he would participate in pretrial supervision and comply with the conditions of his bond. He has wholly failed to do both. This, coupled with his flight to New York, confirms he cannot be on pretrial supervision. Indeed, this Court previously noted that "in order for the relationship to work on the outside if you were to be released,

Gov't Hearing Brief - 7
*United States v. McClellon* / 22-cr-00073

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

there has to be trust between you and your Pretrial Services officer." Dkt. No. 30-1, at 16:19–20.

Finally, McClellon is charged with stealing more than half a million dollars from financial institutions under false pretenses. Discovery in this case is rife with instances where McClellon lied and falsified documents to get what he wanted. Given this history, the Court should not rely on McClellon's assertions that he has been in the hospital, and it should view any paperwork provided by McClellon with skepticism.

## VI. CONCLUSION

McClellon's recent flight from supervision confirms that he presents a serious flight risk in the future. And his conduct on pretrial supervision confirms there is no condition or combination of conditions that will reasonably assure his appearance. *See* 18 U.S.C. § 3142(e). His bond should be revoked, and he should be detained pending trial.

DATED this 10th day of February, 2023.

Respectfully submitted,

NICHOLAS W. BROWN
United States Attorney

*s/ Lauren Watts Staniar*
Lauren Watts Staniar
Zachary Dillon
Assistant United States Attorneys
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
Telephone:   (206) 553-5172
Fax:         (206) 553-0582
Email:       Lauren.Staniar@usdoj.gov
Email:       Zachary.Dillon@usdoj.gov

Gov't Hearing Brief - 8
*United States v. McClellon* / 22-cr-00073

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970